IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES HOOPER and LINDA HOOPER,
wrongful death beneficiaries of Ryan Hooper           PLAINTIFFS

v.                                         CAUSE NO. 1:13CV102-LG-JMR

BILOXI REGIONAL MEDICAL CENTER, INC.,
et al.                                                 DEFENDANTS

### ORDER GRANTING BILOXI REGIONAL'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [19] filed by Biloxi Regional Medical Center, Inc. (hereinafter referred to as "Biloxi Regional, Inc.") pursuant to Fed. R. Civ. P. 12(b)(6).  Biloxi Regional, Inc., argues it is entitled to dismissal, because it is merely the landlord of the hospital at issue in this medical malpractice case.  The plaintiffs oppose the Motion, seeking time to conduct discovery in an attempt to determine whether Biloxi Regional, Inc., has any control over the hospital's operation.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that Biloxi Regional, Inc.'s Motion to Dismiss should be granted.

### FACTS

The plaintiffs Charles and Linda Hooper filed this lawsuit, alleging that twenty-four-year-old Ryan Hooper went to the emergency room at Biloxi Regional Medical Center with a severe headache.  He was diagnosed with an acute headache, given medication, and discharged.  Less than forty-eight hours later, Ryan went into cardiac arrest at the Hard Rock Hotel in Biloxi, Mississippi, and he was once again taken to Biloxi Regional Medical Center.  He died a short time later.  An

autopsy revealed that Ryan suffered from meningitis at the time of his death.

Charles and Linda Hooper filed this lawsuit against Biloxi Regional, Inc., and medical professionals who initially treated Ryan in the emergency room. They have asserted the following claims against the defendants: medical negligence, respondeat superior, res ipsa loquitur, negligent retention and supervision, and wrongful death.

Biloxi Regional, Inc., has filed the present Motion to Dismiss, arguing that it leased the hospital at issue to Biloxi H.M.A., Inc.  The lease entered into by these two entities provides:

> During the Lease Term, [Biloxi H.M.A., Inc.] shall operate an acute care hospital and related activities on the Premises and in connection therewith shall have the exclusive right to use and control the entire Hospital operations, including, but not limited to, administration, services, finances, medical and non-medical staffing, equipment, inventory, furnishings, supplies, renovation, and addition to or expansion of the Premises.

(Def.'s Mot., Ex. A at 3, ECF No. 19-1).

## DISCUSSION

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  In *Twombly*,

the Court held that "heightened fact pleading of specifics" is not required, but "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 570. However, a court should not accept conclusory allegations, unwarranted factual inferences, and legal conclusions as true. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

"When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998). Nevertheless, a court may take judicial notice of matters of public record without converting a motion to dismiss to a motion to summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The lease provided to this Court by Biloxi Regional, Inc., was recorded in the Harrison County Chancery Court property records Book 216, pages 471-504. (Def.'s Mot., Ex. A at 34, ECF No. 19-1). Therefore, the Court takes judicial notice of the lease and its terms.

Even assuming that the factual allegations in the Hoopers' Complaint are correct concerning the care provided to Ryan at the hospital, the Hoopers cannot state a plausible claim against Biloxi Regional, Inc., because the lease demonstrates

that this entity had no control over the hospital operations, including the staffing and care provided.  (*See* Def.'s Mot., Ex. A at 3, ECF No. 19-1).  Biloxi Regional, Inc., only owns the building in which the incidents described in the Complaint occurred, and none of the claims concern the condition of the building.  As a result, the Court must dismiss the Hoopers' claims against Biloxi Regional, Inc., with prejudice.[1]

## CONCLUSION

For the foregoing reasons, the Court finds that the Hoopers cannot state a plausible claim for relief against Biloxi Regional, Inc.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [19] filed by Biloxi Regional Medical Center, Inc., pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.  The claims filed by Charles and Linda Hooper against Biloxi Regional Medical Center, Inc., are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of July, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] According to documents on file with the Mississippi Secretary of State's office, Biloxi Regional and Biloxi H.M.A. are separate corporate entities with different officers.