IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES HOOPER and
LINDA HOOPER, Wrongful
Death Beneficiaries of Ryan Hooper                         PLAINTIFFS

v.                                           CAUSE NO. 1:13CV102-LG-JMR

JENNIFER L. JURICH; GEORGE
LOUKATOS; AMANDA PACHECO;
JENNIFER L. HENDERSON; BILOXI,
H.M.A., INC.; and EMCARE, INC.                             DEFENDANTS

ORDER CONCERNING MOTIONS TO DISMISS AND MOTIONS
FOR SUMMARY JUDGMENT FILED BY DEFENDANTS

BEFORE THE COURT are the Motion to Dismiss [46] filed by Biloxi,

H.M.A., Inc.; the Motion to Dismiss [48] filed by Amanda Pacheco; the Motion for

Summary Judgment [60] filed by Jennifer L. Henderson, Jennifer L. Jurich, and

George Loukatos; and the Motion for Summary Judgment [63] filed by EmCare, Inc.

All of the defendants argue that this medical negligence lawsuit filed by Charles

and Linda Hooper should be dismissed, because the Hoopers failed to comply with

Miss. Code Ann. § 15-1-36(15).  The Hoopers initially only opposed the Motions to

the extent that the defendants may be seeking dismissal with prejudice.  The

Hoopers later filed responses opposing the Motions filed by Biloxi H.M.A., and

EmCare, because they claim that neither of these entities is a "health care provider"

pursuant to Miss. Code Ann. § 15-1-36(15).  After reviewing the submissions of the

parties and the applicable law, the Court finds that the Motions filed by Henderson,

Jurich, Loukatos, and Pacheco should be granted.  However, the Motions filed by

EmCare and Biloxi H.M.A. are denied.

## FACTS

The Hoopers filed this lawsuit, alleging that twenty-four-year-old Ryan Hooper went to the emergency room at Biloxi Regional Medical Center with a severe headache.  He was diagnosed with an acute headache, given medication, and discharged.  Less than forty-eight hours later, Ryan went into cardiac arrest at the Hard Rock Hotel in Biloxi, Mississippi, and he was once again taken to Biloxi Regional Medical Center.  He died a short time later, and an autopsy revealed that Ryan suffered from meningitis at the time of his death.

Charles and Linda Hooper filed this lawsuit, asserting the following claims against the defendants: medical negligence, respondeat superior, res ipsa loquitur, negligent retention and supervision, and wrongful death.  The defendants argue that the Hoopers' lawsuit should be dismissed for failure to comply with the notice requirements set forth at Miss. Code Ann. § 15-1-36(15).

## DISCUSSION

Miss. Code Ann. § 15-1-36 provides:

> For any claim accruing on or before June 30, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.

Miss. Code Ann. § 15-1-36(1).  The statute also contains the following notice requirement, which is at issue in this lawsuit:  "No action based upon the health

care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15). The Mississippi Supreme Court requires strict compliance with this notice requirement. *Fowler v. White*, 85 So. 3d 287, 291 (¶13) (Miss. 2012). Since this requirement is jurisdictional, a lawsuit must be dismissed without prejudice if proper notice is not provided. *Id.*; *Arceo v. Tolliver*, 949 So. 2d 691, 695 (Miss. 2006).

The Mississippi Supreme Court has held that the following entities and individuals delineated in Section 15-1-36(1) are entitled to notice under Section 15-1-36(15): licensed physicians, osteopaths, dentists, hospitals, institutions for the aged or infirm, nurses, pharmacists, podiatrists, optometrists, and chiropractors. *Saul v. Jenkins*, 963 So. 2d 552, 554-55 (¶¶ 8,10) (Miss. 2007). In the *Saul* decision, the Supreme Court held that a material issue of fact existed that prevented it from affirming a dismissal pursuant to Section 15-1-36(15), because it was unclear from the record whether the defendant nursing home was licensed. *Id.*

The Hoopers concede that they did not give any of the defendants notice of their intention to file this lawsuit and that the individual defendants are entitled to dismissal without prejudice. However, the Hoopers claim they were not required to give notice to Biloxi H.M.A. or EmCare, because they are not "health care providers" under the statute.

Defendants have not shown evidence in the record regarding tending to demonstrated that Biloxi H.M.A. and EmCare are licensed hospitals or are

otherwise described in Section 15-1-36(1).  *See Saul*, 963 So. 2d at 555 (¶10).
Therefore, the Court cannot determine whether these entities were entitled to
notice.  As a result, the Motions filed by Biloxi H.M.A. and EmCare must be denied.

## CONCLUSION

The Motions seeking dismissal pursuant to § 15-1-36(15) that were filed by
the following defendants are granted: Amanda Pacheco, Jennifer L. Henderson,
Jennifer L. Jurich, and George Loukatos.  The Motions filed by EmCare and Biloxi
H.M.A. are denied at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to
Dismiss [46] filed by Biloxi, H.M.A., Inc., and the Motion for Summary Judgment
[63] filed by EmCare, Inc., are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motions [48, 60]
filed by Amanda Pacheco, Jennifer L. Henderson, Jennifer L. Jurich, and George
Loukatos are **GRANTED**.  The plaintiffs' claims against Amanda Pacheco, Jennifer
L. Henderson, Jennifer L. Jurich, and George Loukatos are hereby **DISMISSED
WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE