# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**CHARLES HOOPER and LINDA HOOPER,**
**Wrongful Death Beneficiaries of Ryan Hooper**                    **PLAINTIFFS**

**v.**                                                        **CAUSE NO. 1:13CV102-LG-JCG**

**EMCARE, INC.**                                                  **DEFENDANT**

### *consolidated with*

**CHARLES HOOPER and LINDA HOOPER,**
**Wrongful Death Beneficiaries of Ryan Hooper**                    **PLAINTIFFS**

**v.**                                                        **CAUSE NO. 1:14CV158-LG-JCG**

**JENNIFER J. JURICH, formerly known**
**as Jennifer J. Henderson; GEORGE LOUKATOS;**
**AMANDA PACHECO; and BILOXI H.M.A., LLC**                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANTS' MOTION TO DISMISS
### <u>CAUSE NUMBER 1:14CV158</u>

**BEFORE THE COURT** is the Motion to Dismiss Cause Number 1:14cv158

[94] filed by Biloxi H.M.A., LLC, and Amanda Pacheco. EmCare, Inc., Jennifer L.

Jurich, and George Loukatos have joined in the Motion. The plaintiffs have filed a

response in opposition to the Motion, and the defendants have filed a rebuttal.

After reviewing the submissions of the parties, the record in this matter, and the

applicable law, the Court finds that the Motion to Dismiss should be denied.

### BACKGROUND

Twenty-four-year-old Ryan Hooper went to the emergency room at Biloxi

Regional Medical Center, complaining of a severe headache. He was diagnosed

with an acute headache, given medication, and discharged.  Less than forty-eight hours later, Ryan went into cardiac arrest at the Hard Rock Hotel in Biloxi, Mississippi, and he was once again taken to Biloxi Regional Medical Center.  He died a short time later, and an autopsy revealed that Ryan suffered from meningitis at the time of his death.

Ryan's parents filed cause number 1:13cv102 against Biloxi Regional Medical Center, Inc., Jennifer L. Jurich, Jennifer L. Henderson, George Loukatos, Amanda Pacheco, Biloxi H.M.A., Inc., and EmCare, Inc., asserting the following claims against the defendants: medical negligence, respondeat superior, res ipsa loquitur, negligent retention and supervision, and wrongful death.  The plaintiffs' claims against Biloxi Regional were dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  The plaintiffs' claims against Pacheco, Loukatos, Henderson, Jurich, and Biloxi H.M.A. were dismissed without prejudice for failure to provide the sixty-day notice of claim required by Miss. Code Ann. § 15-1-36(15).  EmCare is the only remaining defendant in cause number 1:13cv102.

On April 10, 2014, the plaintiffs filed cause number 1:14cv158 against Jennifer J. Jurich (formerly known as Jennifer J. Henderson), George Loukatos, Amanda Pacheco, and Biloxi H.M.A., asserting claims of medical negligence, respondeat superior, res ipsa loquitur, negligent retention and supervision, and wrongful death.  The plaintiffs filed a Motion to Consolidate the two lawsuits, and the Motion was granted on July 18, 2014.  The Order consolidating the cases specifically stated that the defendants' rights and defenses are preserved and "are

not waived and/or otherwise moot due to the consolidation . . . ."  (Order at 2, ECF No. 17).  The defendants now argue that the plaintiffs' second lawsuit should be dismissed, because it violates Mississippi's wrongful death statute as well as Mississippi's doctrine against claim-splitting.

## DISCUSSION

Mississippi's wrongful death statute provides, "[T]here shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits."  Miss. Code Ann. § 11-7-13.  The Mississippi Supreme Court has explained that the basis for requiring only one wrongful death lawsuit is derived from the principle of priority jurisdiction as well as Rule 19 of the Mississippi Rules of Civil Procedure.  *Long v. McKinney*, 897 So. 2d 160, 172 (¶48) (Miss. 2004).[1]

In *Long v. McKinney*, Lori McKinney filed a lawsuit on behalf of the wrongful death beneficiaries of her father, Huey P. Long.  *Long*, 897 So. 2d at 164 (¶12).  The following day, McKinney's three brothers filed a separate lawsuit on behalf of Long's wrongful death beneficiaries.  *Id.* at 164 (¶13).  The brothers requested consolidation of the two wrongful death lawsuits, but their request was denied.  *Id.* at 164, 167 (¶14, ¶25).  The case was appealed to the Mississippi Supreme Court,

---

[1] The principle of priority jurisdiction dictates that "where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit."  *Id.* at 172 (¶50) (quoting *Hancock v. Farm Bureau Ins. Co.*, 403 So. 2d 877, 878-79 (Miss. 1981)).  Miss. R. Civ. P. 19 pertains to joinder of necessary parties.

which held:

> Consolidation of suits presupposes that there are two suits to
> consolidate.  Because we hold that wrongful death claims must be
> brought in a single suit, there cannot be two suits to consolidate.
> Where, as here, a second suit is filed, it is of no effect and should be
> dismissed . . . .  The rights of all claimants are preserved in the
> original suit and are fully addressed by joinder.  Each claimant, as a
> matter of right, may join in the litigation and participate as fully as
> any other claimant.  The interests of claimants not joining in shall be
> represented by counsel for the claimant filing the suit.

*Long*, 897 So. 2d at 174 (¶58).

However, the United States District Court for the Northern District of

Mississippi has held that the *Long* court's pronouncements do not apply where the

same plaintiff files separate wrongful death lawsuits against different defendants.

*See Creel v. Hartford Acc. & Indem. Co.*, Nos. 1:09cv61-GHD-DAS & 1:11cv86-GHD-

DAS, 2012 WL 843177 (N.D. Miss. Mar. 12, 2012).  In *Creel*, the wife of a man who

died in a crane accident filed a wrongful death lawsuit against Shepard Niles Crane

& Hoist Corporation and Capital Safety, Inc.  *Id.* at *1.  She then amended her

complaint to delete Shepard Niles and add two defendants– Konecranes, Inc. d/b/a

Crane Pro services, and Crane Parts, Inc.  *Id.*  A motion to dismiss for lack of

jurisdiction filed by Crane Parts was granted by the Court.  *Id.*  The plaintiff then

filed a second wrongful death lawsuit against Konecranes d/b/a Morris Material

Handling and Eagle Plant Equipment.  *Id.*  Konecranes d/b/a Morris filed a motion

to dismiss, arguing that the second lawsuit violated the wrongful death statute.  *Id.*

The plaintiff filed a motion to consolidate the two cases pursuant to Fed. R. Civ. P.

42.  *Id.*  The district court noted the *Long* court's statement that consolidation is not permissible for wrongful death claims, but it held that the *Long* decision was distinguishable, because it "concerned an issue of whether two suits brought by different heirs could be consolidated and did not concern the filing of a second suit against defendants not sued in the original action."  *Id.* at *5.  The court refused to dismiss the second wrongful death lawsuit, and it exercised its broad authority to consolidate the lawsuits pursuant to Fed. R. Civ. P. 42.  *Id.* at *5-6.

In the present case, the same plaintiffs have filed two separate complaints that have been consolidated by this Court.  The two lawsuits are filed against two separate sets of defendants.  The Mississippi wrongful death statute and the *Long* decision merely require all wrongful death plaintiffs to pursue their claims in the same lawsuit as opposed to having multiple lawsuits, by separate wrongful death beneficiaries, controlled by different attorneys that each purport to represent the interests of all wrongful death beneficiaries.[2]

*Long* does not directly address the procedural situation presented here. Instead, the Court finds the *Creel* decision persuasive, and it is the only case applying Mississippi law that directly addresses the issues presented here.  It is worth noting that the plaintiffs could have amended their original lawsuit to rename the defendants that were initially dismissed for lack of notice.  Assuming

---

[2] The *Long* court reasoned that "[t]he rights of all claimants are preserved in the original suit and are fully addressed by joinder."  *Long*, 897 So. 2d at 174 (¶58). Similarly, the wrongful death statute provides that one lawsuit "shall ensue for the benefit of all parties concerned."  Miss. Code Ann. § 11-7-13.

the claims were not time barred, plaintiffs could have elected to voluntarily dismiss the original complaint and file a new claim naming all of the defendants.  While these alternatives may have been the preferred procedure, in essence the consolidation of the two lawsuits has produced the same result.  Thus, it would be inequitable and inefficient to dismiss the plaintiffs' claims against these defendants simply because, after curing the statutory notice requirements, they chose to file a separate complaint against the remaining defendants.  As a result, the defendants' Motion for dismissal pursuant to Miss. Code Ann. § 11-7-13 is denied

The defendants also argue that the doctrine against claim-splitting prohibits the plaintiffs' second lawsuit.

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.  By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste "scarce judicial resources" and undermine "the efficient and comprehensive disposition of cases."

*Carpenter v. Kenneth Thompson Builder, Inc.*, Nos. 2011-CT-01028-SCT & 2011-CT-01933-SCT, 2014 WL 4100003 at *3 (¶11) (Miss. Aug. 21, 2014) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)).  In order for the doctrine prohibiting claim-splitting to apply, both lawsuits must involve the same parties, or at least parties that represent the same interest.  *Id.* (citing *Katz*, 655 F.3d at 1217).  "The correct analysis to apply when determining whether the 'identity-of-parties' element is met is to anticipate whether a final judgment will preclude the parties from further litigation based on the same set of facts."  *Id.* at *4 (¶14).

In the present case, the defendants have not demonstrated that a judgment

against EmCare in the first lawsuit would preclude further litigation against the defendants named in the second lawsuit.  Therefore, the identity of parties requirement is not satisfied.  Furthermore, the these two lawsuits will not result in wasted judicial resources or inconsistent results from different courts since the two cases have been consolidated for trial.

## CONCLUSION

For the foregoing reasons, the Court finds that the defendants' Motion to Dismiss should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Motion to Dismiss Cause Number 1:14cv158 [94] filed by Biloxi H.M.A., LLC, and Amanda Pacheco is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of September, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE